UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ERICA BEISWINGER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Erica Beiswinger ("Plaintiff" or "Beiswinger") brings this Class Action Complaint and Demand for Jury Trial against Defendant Freedom Mortgage Corporation ("Defendant" or "Freedom Mortgage") to stop the Defendant from violating the Telephone Consumer Protection Act by placing telemarketing calls to consumers who expressly requested to be added to Freedom Mortgage's internal do not call list. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Beiswinger, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Erica Beiswinger is a resident of Palm Coast, Florida.

2. Defendant is a company registered to business in New Jersey which conducts business in this District and throughout the United States.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case was directed to Plaintiff in this District, where she received Defendant's violative communications.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.6 billion robocalls were placed in February 2021 alone, at a rate of 165.1 million per day. www.robocallindex.com (last visited Mar. 2, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Freedom Mortgage is a home mortgage loan provider.[3]

15. As part of its business practice, Freedom Mortgage agents place solicitation calls to consumers in order to solicit them to acquire home loans and mortgage refinancing.

16. Freedom Mortgage also places solicitation calls to existing customers whose mortgage they have taken over, in order to solicit mortgage refinancing services to them.

17. Unfortunately, Freedom Mortgage has inadequate policies and procedures for maintaining an internal do not call list, as per Plaintiff's experience, resulting in consumer's receiving repeated solicitation calls even though they have told Freedom Mortgage to stop calling and soliciting them.

18. In fact, numerous consumers have posted complaints online regarding unsolicited calls and calls they continued to receive from Freedom Mortgage after asking agents to stop calling them, including:

- "They say they are Freedom Mortgage. They bought my mortgage a couple of years ago and harass you about refinancing, even if you tell them repeatedly you

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.freedommortgage.com/about

- aren't interested. They also always have my name wrong, even though I've told them multiple times. Shady."[4]
- "They won't stop calling!!! I don't answer anymore...."[5]
- "Claimed to be with Freedom Mortgage. Wanted me to know about great refinancing rates…"[6]
- "Keep calling even though I told them a million times I am not interested."[7]
- "This scared me, because I have freedom and thought something was wrong. but it is for a new loan. and grabbing phone numbers, they dont ever know who we are"[8]
- "Freedom Mortgage asking for a refinance."[9]
- "I received a call from this number asking about mortgage"[10]

19. In response to these unsolicited phone calls, Plaintiff Beiswinger files this lawsuit seeking monetary and injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

### PLAINTIFF BEISWINGER'S ALLEGATIONS

20. Plaintiff Beiswinger registered her cell phone number on the DNC on October 16, 2014.

21. Plaintiff Beiswinger's cell phone number is not associated with a business and is used for personal use only.

---

[4] https://800notes.com/Phone.aspx/1-314-529-5437
[5] *Id.*
[6] *Id.*
[7] https://www.shouldianswer.com/phone-number/3145295437
[8] https://800notes.com/Phone.aspx/1-877-215-0964
[9] https://800notes.com/Phone.aspx/1-844-853-9691
[10] https://800notes.com/Phone.aspx/1-800-220-3333/2

22. Plaintiff Beiswinger had a mortgage with Caliber Home Loans that was acquired by Freedom Mortgage.

23. In early 2020, Plaintiff received a solicitation phone call from Freedom Mortgage offering her mortgage refinancing that would drop her mortgage rate by 1%.

24. Plaintiff spoke with numerous Freedom Mortgage employees to secure the discounted refinancing rate but by the end of 2020 Plaintiff decided that she was no longer interested in getting the discounted rate.

25. In mid-January of 2021, Freedom Mortgage called her about refinancing and Plaintiff told the Freedom Mortgage employee by phone to stop calling her phone number and that she was not interest in refinancing.

26. The Freedom Mortgage employee said that Freedom Mortgage would remove her number.

27. Despite this opt-out request, Plaintiff received additional unwanted solicited calls from Freedom Mortgage regarding refinancing, including on:

- January 29, 2021 – 3:24 PM
- February 1, 2021 – 8:55 AM, 10:58 AM, 11:43 AM, 1:11 PM, 3:28 PM, 5:38 PM
- February 2, 2021 – 10:04 AM, 4:55 PM
- February 3, 2021 – 10:47 AM
- February 4, 2021 – 11:32 AM, 6:20 PM
- February 5, 2021 – 10:18 AM
- February 8, 2021 – 11:59 AM
- February 9, 2021 – 10:26 AM
- February 10, 2021 – 10:23 AM, 5:13 PM
- February 11, 2021 – 9:41 AM, 4:30 PM
- February 12, 2021 – 10:06 AM, 11:14 AM, 2:22 PM, 4:54 PM
- February 19, 2021 – 12:23 PM
- February 20, 2021 – 2:53 PM

28. The unauthorized solicitation phone calls that Plaintiff received from or on behalf of Defendant, as alleged herein, have harmed Plaintiff Beiswinger in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

29. Seeking redress for these injuries, Plaintiff Beiswinger, on behalf of herself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits companies from placing calls if they fail to implement adequate policies and procedures for maintaining an internal do not call list.

## CLASS ALLEGATIONS

30. Plaintiff Beiswinger brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) after the person told Defendant to stop calling.

31. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Beiswinger anticipates the need to amend the Class definitions following appropriate discovery.

32. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's phone calls to Plaintiff and other consumers were made for telemarketing purposes;

(b) whether Defendant or its agents placed telemarketing solicitation calls to consumers after being instructed to stop calling;

(c) whether the Defendant or its agents engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether Defendant's conduct constitutes a violation of the TCPA;

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff Beiswinger will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Beiswinger has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Beiswinger and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Beiswinger nor her counsel have any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Class as wholes, not on facts or law applicable only to Plaintiff Beiswinger. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Internal Do Not Registry Class)

36.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 as if fully set forth herein.

37.  Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period

8

may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

38. Defendant or their agents placed phone calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

39. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

40. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each

entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Beiswinger individually and on behalf of the Class, prays for the following relief:

41. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Beiswinger as the representative of the Class; and appointing her attorneys as Class Counsel;

42. An award of actual and/or statutory damages and costs;

43. An order declaring that Defendant's actions, as set out above, violate the TCPA;

44. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

45. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Beiswinger requests a jury trial.

DATED this 7th day of March, 2021.   **ERICA BEISWINGER**, individually and on behalf of all others similarly situated,

*/s/ Stefan Coleman*
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*\*Trial Counsel*

*Counsel for Plaintiff and all others similarly situated*